Filed 4/3/25 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082951 |
| v. | (Super.Ct.No. FWV1300823) |
| CARLOS FAUSTINOS, | ORDER MODIFYING OPINION |
|     Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The opinion filed in this matter on March 13, 2025, is modified as follows:

Page 2, line 11, delete the sentence beginning with "We publish this opinion," and insert the following sentence:

We publish this opinion to explain why we agree with the conclusion in *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*) and hold that an order declining to act on a defendant's unauthorized section 1172.1 petition is non-appealable.

Page 3, line 12, delete "the" and replace it with "that."

1

Page 10, line 3, delete the following words, "*Chatman* and" and capitalize the word "A" in the subtitle.

Page 10, line 4, the first full paragraph, beginning "In *Chatman*, *supra*" is deleted entirely and the following paragraph is inserted in its place:

Faustinos's argument in his briefing was that the trial court's newly granted power to act on its own section 1172.1 motion made the order on his motion appealable. At oral argument, Faustinos also argued that the trial court's order may have indicated that the court erroneously believed that it lacked the authority to act on its own motion, which renders the order appealable.

Page 10, the paragraph commencing with "We do not" is modified to read as follows:

We do not think that a court's phrasing of an order can convert a non-appealable order into an appealable one. *Loper*, *supra*, 60 Cal.4th at p. 1158 held that a defendant could appeal from a post-judgment proceeding that was "properly initiated" by government authorities rather than by the defendant. Here, in contrast, no proceeding had started. If the court *had* launched a proceeding by recalling the defendant's sentence, *Loper* indicates that the defendant could appeal from a later order. *Loper* does not render the order here appealable, as no entity had begun an authorized post-judgment proceeding.

Page 10, the paragraph at the bottom of the page commencing with "*Chatman's* conclusion that" and ending at the top of page 11 with "of its jurisdiction" is deleted entirely.

Page 11, the paragraph commencing with "Factually, this case" is modified to read as follows:

On its face, the trial court's order here does not indicate that it misunderstood its own authority. First, the trial court stated that it lacked jurisdiction to consider *the defendant's* motion. That is correct. The trial court's statement need not be read as suggesting that it believed it lacked jurisdiction to act on *its own* motion. Secondly, the trial court here appears to have lacked its own motion jurisdiction. A court can act on its own motion under section 1172.1 only if the applicable laws changed since the sentencing. Faustinos did not (and does not) assert that the laws applicable to him have changed since his sentencing. If they did not change, the trial court has no jurisdiction to act on its own motion.

Page 13, the paragraph commencing with "Finally, *Chatman* wrongly" is modified and combined with the following paragraph to read as follows:

*People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) does not support the view that a trial court's mistake about its own discretion creates an appealable post-judgment order. *Carmony* did not concern appellate jurisdiction. It arose in a direct appeal from a conviction and sentence. (*Id.* at p. 373.) There is always *jurisdiction* for such an appeal. (§ 1237, subd. (a).) At the *Carmony* sentencing, the trial court had jurisdiction over the

3

defendant's motion to dismiss two of his strikes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), so they would not count under the Three Strikes Act.  (*Carmony*, at p. 373.)  The Supreme Court granted review to determine whether a trial court's decision not to dismiss the strikes was non-reviewable or reviewable for abuse of discretion, and it held it was reviewable.  (*Id.* at pp. 374-375.) An appellate court can reverse a trial court's decision not to dismiss a strike where "no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme."  (*Id.* at p. 376.)

Except for these modifications, the opinion remains unchanged.  The modifications do not affect a change in the judgment.

CERTIFIED FOR PUBLICATION

RAPHAEL _____

J.

We concur:

McKINSTER _____

Acting P. J.

CODRINGTON _____

J.

Filed 3/13/25 (unmodified opn.)

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082951 |
| v. | (Super.Ct.No. FWV1300823) |
| CARLOS FAUSTINOS, | OPINION |
|     Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County. Daniel W. Detienne, Judge. Dismissed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

1

Carlos Faustinos appeals from the trial court's order declining to act on his petition for resentencing under Penal Code section 1172.1.[1]  Under that section, a defendant is not entitled to seek relief, and a court need not respond to the request.  In this situation, the trial court's order declining to act on the petition is not an appealable order.  Because we lack jurisdiction to consider his appeal, we dismiss.

Our holding is consistent with longstanding precedent governing the appealability of orders responding to unauthorized motions invoking section 1172.1's predecessor.  A recent statutory amendment, though, allows a trial court in certain circumstances to act on its own motion under section 1172.1 to grant a resentencing.  In our view, this amendment does not affect the non-appealability of an order on a defendant's unauthorized petition.  We publish this opinion to explain why we disagree with *People v. Chatman* (2025) 108 Cal.App.5th 650 (*Chatman*), which held that the Court of Appeal has jurisdiction in a situation much like this one, and to agree with the conclusion in *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).

## BACKGROUND

In 2019, Faustinos pled guilty to forcible rape (§ 261, subd. (a)(2)).  Under his plea agreement, the court sentenced him to 16 years imprisonment:  eight years for the rape, doubled due to a prior strike.

In 2023, Faustinos petitioned for resentencing with a motion that cited and discussed several recent ameliorative sentencing laws, though it did not discuss the facts

---

[1]  Unlabeled statutory citations refer to the Penal Code.

2

of Faustinos's case, nor did it apply the laws to them.  The court took no action, stating it "[did] not have jurisdiction to consider [the] motion."

ANALYSIS

Faustinos argues that the trial court erred in issuing its order taking no action on his request for resentencing under section 1172.1.  We dismiss this appeal because the trial court's order is not appealable.

The right to appeal is determined by statute.  (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.)  The Penal Code provides that an order after a judgment in a criminal case is appealable if it affects "the substantial rights of the party."  (§ 1237, subd. (b).)

Whether the substantial rights of a party are affected depends on the type of claim raised in trial court, not the strength of that claim.  That is, whether the claim affects substantial rights "does not turn on whether the party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto."  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 (*Teal*).)  Because the nature of the claim is determinative, an order may affect a defendant's substantial rights even if a party other than the defendant sought the order.  (*People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*).)  But "an appealable order must be validly issued," and "a sentencing order cannot be valid if the trial court lacks jurisdiction to issue it."  (*Id.* at p. 1166.)  As such, "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)."  (*People v. King* (2022) 77 Cal.App.5th 629, 639.)

3

I. *Resentencing Under Section 1172.1*

A trial court generally loses resentencing jurisdiction once execution of the sentence has begun. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 (*E.M.*).) Because of this "rule precluding postjudgment motions," a trial court generally lacks jurisdiction to hear one unless "the Legislature has expressly authorized" the motion. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337 & fn.2 (*Picklesimer*).)

Before 2022, section 1170, subdivision (d), allowed a court to recall a sentence and resentence the defendant at any time upon a request from the Secretary of California's Department of Corrections and Rehabilitation or certain other government officials. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) The request served as an invitation to the court to exercise equitable jurisdiction, and section 1170, subdivision (d), furnished that jurisdiction. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1082.) The court had "broad discretion" in deciding whether to resentence. (*Ibid.*) A trial court, however, could recall the sentence on its own motion only within 120 days of the defendant's commitment. (*Id.* at p. 1082.)

Effective January 1, 2022, the Legislature amended the resentencing provision and placed it in section 1172.1.[2] The amendments were intended to clarify "procedural requirements" and created a presumption in favor of resentencing once a request was

---

[2] The Legislature first placed the amended recall and resentencing provisions in a new section 1170.03. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038 (*McMurray*).) Then, effective June 30, 2022, "[t]he Legislature . . . renumbered section 1170.03 to section 1172.1, but made no substantive changes." (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2.)

4

filed.  (*McMurray*, *supra*, 76 Cal.App.5th at p. 1038; see § 1172.1, subd. (b)(2).)

Procedural clarifications included requirements that the trial court state on the record the

reasons for granting or denying resentencing, and that the court hold a hearing before any

denial.  (§ 1172.1, subds. (a)(7), (a)(8).)

Effective January 1, 2024, the Legislature amended section 1172.1 to expand the

court's ability to recall and resentence a defendant on its own motion.  (See Assembly

Bill No. 600 (2023-2024 Reg. Sess.; Stats. 2023, ch. 446, § 2.)  Now, a court still may

recall a sentence on its own motion within 120 days of commitment for any reason

"rationally related to lawful sentencing."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442,

456.)  But it also may recall the sentence on its own motion "at any time if the applicable

sentencing laws at the time of original sentencing are subsequently changed by new

statutory authority or case law."  (§ 1172.1, subd. (a)(1).)  This recall-and-resentencing

"may be initiated by the original sentencing judge, a judge designated by the presiding

judge, or any judge with jurisdiction in the case."  (*Ibid.*)

Section 1172.1 permits a trial court to apply changes in law even where the

Legislature has not made a change retroactive.  Yet the law does not allow a court to

recall-and-resentence where the applicable sentencing laws have not "changed" since the

last sentencing.  (§ 1172.1, subd. (a)(1).)  If the court can and does resentence, though,

the proceeding is not limited to the change in law.  Rather, the defendant is resentenced

"in the same manner as if they had not previously been sentenced . . . provided the new

sentence, if any, is no greater than the initial sentence."  (*Ibid*.)  As in most

5

postconviction proceedings, the court "has jurisdiction to modify every aspect of the defendant's sentence." (§ 1171, subd. (c)(2).) As in any sentencing, the prosecution has a right to oppose relief. (See § 1171, subd. (d).) A victim of the crime has the chance to be heard. (See § 1172.1, subd. (a)(8).)

Though the court can act on its own motion, defendants may not petition under section 1172.1. As the law states, a court, the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General may recommend or otherwise seek resentencing under section 1172.1. The statute makes express that the defendant has no right to petition: "A defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) Further: "If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

II. *Under Longstanding Precedent, an Order on a Defendant's Section 1172.1 Petition is Non-Appealable*

For decades, it has been established in the Court of Appeal that a defendant's appeal from a petition denying their motion under former section 1170, subdivision (d)(1), is "not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194; e.g., *People v. Magana* (2021) 63 Cal.App.5th 1120, 1127-1128; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Chamizo* (2019) 32 Cal.App.5th 696, 701; *People v. Chlad* (1992) 6

6

Cal.App.4th 1719, 1724-1725.) This same reasoning applies to the similar provisions now re-numbered as section 1172.1. A defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1. (§ 1237, subd. (b).)

III. *The 2024 Amendment to Section 1172.1 Does Not Change the Non-Appealability of Orders Made on a Defendant's Motion*

Faustinos argues that the 2024 amendments to section 1172.1 make appealable the order following his unauthorized petition, as they grant the trial court discretion to initiate a resentencing on its own motion. We disagree. When a court declines to act on a defendant's petition, it affects no substantial right, as a defendant's request carries neither a right to a resentencing nor an obligation for the court to consider initiating one.

Consider four types of actions a court might take in declining to act on a defendant's section 1172.1 petition.

First, section 1172.1, subdivision (c), states that the court need not respond if the defendant petitions. If the court, acting consistently with the statute, never issues an order on a defendant's petition, there is no appealable order.

Second, a trial court could respond to an unauthorized petition with a simple order stating the defendant is not entitled to petition, invoking section 1172.1, subdivision (c).

7

We think a response is advisable, as silence may leave the defendant unsure if the petition was received. It cannot be, however, that such an order affects the defendant's substantial rights. "If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) It is not an appealable order.

Third, the court could go beyond its obligation and state that it is not going to act on its *own* motion, though it need not address that matter. While the court can "initiate[]" a recall-and-resentencing "on its own motion" (§ 1172.1, subd. (a)(1)), doing so does not depend on a defendant filing an unauthorized petition. The court may act if the defendant's case comes to its attention in any way, such as (for instance) through a habeas petition challenging the conviction or through receiving an opinion in the defendant's direct appeal. Still, nothing stops a defendant from requesting that the court initiate a section 1172.1 proceeding on its own motion. But the court is never under an obligation to do so, as "section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*Hodge*, *supra*, 107 Cal.App.5th at p. 997.) A defendant never has a *right* to a trial court initiation of a section 1172.1 resentencing. We lack any "discernable criteria" to review such a decision. (*Hodge*, at p. 998.) A trial court's discretionary decision not to initiate a proceeding on its own motion cannot be legal error that affects a defendant's substantial rights.

Fourth, a court sometimes could respond to the defendant's petition by noting, correctly, that it lacks jurisdiction to act on its own section 1172.1 motion. Beyond 120 days from the defendant's commitment, a trial court may act only if "the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) If no applicable laws have changed, the court may not act on its own. The circumstances of such cases do not differ from the long line of cases holding that a denial of a defendant's resentencing petition under the predecessor statute is a non-appealable order. This underscores why an order on a defendant's unauthorized petition is non-appealable. It would not make sense if appealability depended upon our analyzing whether the applicable laws had changed.

In this case, in fact, the trial court may have lacked jurisdiction to act on its own motion. The defendant was sentenced pursuant to a plea agreement to a term of 16 years for committing rape by force. His sentence was simply eight years for that offense, doubled due to a prior "strike" offense. No enhancements were imposed. In his appellate briefing and oral argument, defendant asserted no way that the sentencing laws applicable to him have changed since his sentencing. He has asserted no basis for trial court jurisdiction to initiate a section 1172.1 resentencing on its own.

Here, then, the "nature of the claim and the court's ruling thereto" are such that they do not affect a defendant's substantial rights. .(*Teal*, *supra*, 60 Cal.4th at p. 600.) We conclude that there is no appellate jurisdiction over an order declining to act on a

defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion.

IV.    Chatman *and a Trial Court's Mistaken View of Its Own Discretion*

In *Chatman*, *supra*, 108 Cal.App.5th at p. 659, unlike here, the defendant asserted "several applicable sentencing laws that applied during his original sentencing have changed . . . [so] the court necessarily had jurisdiction to resentence defendant on its own motion." *Chatman* correctly observed that the trial court could resentence him on its own motion, though the defendant was not entitled to file the petition. (*Id*. at p. 659.) *Chatman* concluded that, because the court "chose to act" by issuing an order stating that it "lacked jurisdiction to resentence," the order was appealable. (*Id*. at p. 659.)

We do not think that a court's phrasing of an order can convert a non-appealable order into an appealable one. *Chatman* wrongly viewed *Loper*, *supra*, 60 Cal.4th 1155, as supporting its view. *Loper* held that a defendant could appeal from a post-judgment proceeding that was "properly initiated" by government authorities rather than by the defendant. (*Id*. at p. 1158.) In *Chatman*, in contrast, no proceeding had started. If the court *had* launched a proceeding by recalling the defendant's sentence, *Loper* indicates that the defendant could appeal from a later order. *Loper* does not render the order in *Chatman* appealable, as no entity had begun an authorized post-judgment proceeding.

*Chatman*'s conclusion that the order was appealable turns on its content; that is, that the court's order "could be based upon on the mistaken belief that the court lacked jurisdiction to resentence." (*Chatman*, *supra*, 108 Cal.App.5th at p. 662.) If an order on

10

a defendant's section 1172.1 petition did *not* reflect such a mistaken belief, then *Chatman* apparently would find the order non-appealable. *Chatman* appears to hold that an otherwise unappealable order becomes appealable when a court alludes to a mistaken view of its jurisdiction.

Factually, this case differs from *Chatman* in two ways. Here, the trial court stated that it lacked jurisdiction to consider *the defendant's* motion. That is correct. The trial court's statement need not be read as suggesting that it believed it lacked jurisdiction to act on *its own* motion. Secondly, unlike in *Chatman*, the trial court here appears to have lacked its own motion jurisdiction. A court can act on its own motion under section 1172.1 only if the applicable laws changed since the sentencing. Faustinos did not (and does not) assert that the laws applicable to him have changed since his sentencing. If they did not change, the trial court has no jurisdiction to act on its own motion.

But even assuming the trial court erroneously stated, in response to Faustinos's unauthorized petition, that it lacks authority to act on its own motion, we do not think that would convert a non-appealable order to an appealable one. *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983-984 (*Gallardo*), provides instructive reasoning. There, a defendant filed an unsuccessful post-judgment motion that he admittedly was unauthorized to file and could not appeal. But he claimed that, in denying, the trial court nevertheless "failed to recognize its power to dismiss" charges it had stayed. (*Id.* at p. 983.) He argued that "'the reasons given by the sentencing judge for denying a

11

hearing—essentially, that he did not have the power to grant the relief which would be requested at the hearing—were not proper reasons for denying a hearing.'" (*Id*. at p. 984.) In rejecting the claim, the Court of Appeal assumed that the trial court misunderstood its own power. (*Id*. at p. 985, fn. 8.) Even so, the trial court's statements did not make a non-appealable order appealable because "appealability depends upon the nature of the decision made, not the court's justification for its ruling." (*Id*. at p. 985.)

As in *Gallardo*, we do not think that the court can transform a non-appealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter.

Still, a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1. That remedy is to petition for a writ of habeas corpus in the trial court. (*Picklesimer*, *supra*, 48 Cal.4th at pp. 354-355 [post-judgment issue non-appealable so habeas petition is the "preferred remedy"]; *People v. Fuhrman* (1997) 16 Cal.4th 930, 946 (*Fuhrman*); *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8; *People v. Tenorio* (1970) 3 Cal.3d 89, 95, fn. 2.) In such a petition, the defendant would set forth the circumstances that "would support setting the matter for a new sentencing hearing," and if the trial court concludes the petition may have merit, it can act on it. (*Fuhrman*, at p. 946.) In the unlikely event that the trial court wrongly insists it has no authority to act even when told that changes in law create

12

discretionary section 1172.1 jurisdiction, the defendant could petition for a writ of habeas in our court.[3]

Finally, *Chatman* wrongly reads *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) as supporting its view that a trial court's mistake about its own discretion creates an appealable post-judgment order. *Chatman* saw "no apparent reason" to refrain from extending *Carmony* to a defendant's section 1172.1 motion. (*Chatman, supra,* 108 Cal.App.5th at p. 661. ) *Carmony*, though, did not concern appellate jurisdiction.

*Carmony* arose in a direct appeal from a conviction and sentence. (*Carmony, supra,* 33 Cal.4th at p. 373.) There is always *jurisdiction* for such an appeal. (§ 1237, subd. (a).) At the *Carmony* sentencing, the trial court had jurisdiction over the defendant's motion to dismiss two of his strikes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), so they would not count under the Three Strikes Act. (*Carmony*, at p. 373.) The Supreme Court granted review to determine whether a trial court's decision not to dismiss the strikes was non-reviewable or reviewable for abuse of discretion, and it held it was reviewable. (*Id.* at pp. 374-375.) An appellate court can reverse a trial court's decision not to dismiss a strike where "no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme." (*Id.* at p. 376.)

---

[3] "[B]oth trial and appellate courts have jurisdiction over habeas corpus petitions, but a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court." (*In re Steele* (2004) 32 Cal.4th 682, 692.)

13

In contrast, whether the trial court determination here creates jurisdiction for a *post-judgment appeal* presents the different question of whether the defendant's substantial rights are affected by the category of order that the trial court has issued. (See § 1237, subd. (b).) There is no pre-existing jurisdiction for an appeal, so jurisdiction must be created by the motion. But a defendant has no right to initiate a section 1172.1 resentencing and has no right to have the trial court do so. An appellate court has no basis to review a trial court's decision not to initiate one. There is no appellate jurisdiction here, even though in *Carmony* there was jurisdiction over the direct appeal. (See § 1237, subd. (a).)

The singular circumstance where we could correct a trial court error in declining to act on a defendant's unauthorized section 1172.1 petition is if a trial court stated that it lacked discretion to initiate a section 1172.1 resentencing even with an applicable change in law. This error, though, would not deprive a defendant of a substantial right, as the defendant has no right to any order from the court on his section 1172.1 request. As to this error, though, *Fuhrman* indicates that a post-judgment petition for a writ of habeas is available, rather than an appeal. Indeed, on the type of motion in *Carmony*, our Supreme Court has said the same thing. In *Romero*, the Supreme Court stated that a defendant with a strike "imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations . . . may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence." (*Romero*, *supra*, 13 Cal.4th at p. 530, fn. 13.) Later

14

Supreme Court authority is in accord.  (See *In re Large* (2007) 41 Cal.4th 538 [adjudicating habeas claim that the trial court did not exercise discretion to decide whether to dismiss a strike].)  The virtue of this path is that it could create a record of the trial court's view (see *id*. at pp. 545-548), rather than have the appealability of a simple post-judgment order turn on discerning what may have been in the court's mind.

For the reasons provided, there is no appealable order, and we dismiss the appeal.

DISPOSITION

We dismiss the appeal.

CERTIFIED FOR PUBLICATION

RAPHAEL
                                                                                                              J.

We concur:


McKINSTER
          Acting P. J.

CODRINGTON
                    J.